# EXHIBIT B
# COMPLAINT TO TRANS UNION, LLC

PLAINTIFF'S ATTORNEY INFORMATION:
NAME: EDWARD B. GELLER, ESQ., P.C., OF COUNEL
TO M. HARVEY REPHEN & ASSOCIATES, P.C.
15 LANDING WAY
BRONX, NEW YORK 10464
TELEPHONE: (914)473-6783

------------------------------------------------X

| | |
|---|---|
| ABRAHAM LEVITANSKY, | SUPERIOR COURT OF NEW JERSEY |
| | LAW DIVISION, OCEAN COUNTY |
| Plaintiff, | SPECIAL CIVIL PART |
| | DOCKET NO. |
| -against- | |
| | COMPLAINT |
| TRANSUNION & NISSAN INFINITY LT, | |
| | |
| Defendant(s). | |

------------------------------------------------X

Plaintiff, ABRAHAM LEVITANSKY, ("Plaintiff"), by and through his attorneys, M. Harvey Rephen & Associates, P.C., by Edward B. Geller, Esq., P.C., Of Counsel, as and for his Complaint against the Defendants, TRANSUNION & NISSAN INFINITY LT (hereinafter referred to as Defendant(s)"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff further brings this action for damages and declaratory and injunctive relief arising from the Defendants' violation(s) of: (i) §1681 *et seq. as amended*, of Title 15 of the United States Code, commonly referred to the Fair Credit Reporting Act ("FCRA");

## PARTIES

2. Plaintiff ABRAHAM LEVITANSKY, is a resident of the State of NEW JERSEY, residing at 1 SHARON COURT LAKEWOOD, NJ 08701.

3. Defendant TRANSUNION is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 USC §1681(d), to third parties.

4. Defendant TRANSUNION is a ILLINOIS corporation and has a place of business at 555 WEST ADAMS STEET CHICAGO, IL 60661.

5. Defendant NISSAN INFINITY LT is a TENNEESEE corporation and has a place of business at ONE NISSAN WAY, ROOM 5-124, FRANKLIN, TN 37067.

6. The Defendant TRANSUNION is hereafter referred to as "Defendant." The Defendant is a "person" and "creditor reporting agency" as defined under in the FCRA, 15 USC §1681a (b) and (f). The Plaintiff is a "consumer" as defined under the FCRA, 15 USC §1681a(c).

## FACTUAL ALLEGATIONS

7. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "6" herein with the same force and effect as if the same were set forth at length herein.

8. The Plaintiff wrote a dispute letter to the Defendants regarding a discrepancy with one of his accounts.

9. The dispute letter stated "I am requesting Transunion to conduct an Investigation on one item on my credit report that was mistakenly marked as late.

*Nissan infiniti Lt*-opened Jan 2nd, 2017 which is currently open. Transunion is showing that I was 30 days past due. This account was never late. What happened was, I actually made a payment on time. But Nissan mistakenly applied my funds to an old account of mine. I had called Nissan to correct this issue and they told me it was taken care of.

10. A copy of the Plaintiffs dispute letter is attached hereto as exhibit "A".



11. The Defendants sent a response to the Plaintiff via a letter dated April 4, 2018. The letter stated "We understand that recently something on your credit report did not seem right to you. We take this matter seriously and we want to make sure your Transunion credit report is accurate." However, even though the Defendant stated the account was updated the tradeline was still reporting with a 30 day late notice.

12. A copy of the response report is attached hereto as exhibit "B".

13. Since Nissan infinity LT verified the false tradeline and did not do a reasonable investigation it is liable under FCRA law.

## FIRST CAUSE OF ACTION
### (Violations of the FCRA)

14. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "13" herein with the same force and effect as if the same were set forth at length herein.

15. The Defendants violated the Plaintiff's rights under 15 USC §1681e(b) by failing to establish and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to the Plaintiff's credit report and credit files Defendant published and maintained, as well as by failing to properly update and either delete the account or to remove the late payment.

16. As a result of Defendants' violation of 15 USC §1681e(b), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress.

17. The violation by the Defendants of 15 USC §1681e (b) was willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC §1681n.

18. After receiving the Plaintiff's dispute to Errant Trade Line, DEFENDANTS negligently failed to conduct a reasonable reinvestigation as required by 15 USC §1681i. As a direct and proximate cause of DEFENDANTS'S negligent failure to perform their duties under the FCRA, the Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

19. DEFENDANTS are liable to the Plaintiff by reason of their violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorney's fees pursuant to 15 USC §1681o.

20. Defendant TRANSUNION prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding the Plaintiff as that term is defined in 15 USC §1681i(a).

21. Such reports contained information abut the Plaintiff that was false, misleading, and inaccurate.

22. The Defendants violated 15 USC §1681i(a) by failing to conduct a reasonable reinvestigation after receiving the Plaintiff's dispute to an Errant Trade line to determine whether the disputed information was inaccurate and record the current status of the disputed information or delete the item from the Plaintiff's credit files.

23. As a result of the Defendants' violations of 15 USC §1681i(a), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress.



24. The violations by the Defendants of 15 USC §1681i(a) were willful, rendering then liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC §1681n. In the alternative, the Defendants were negligent, which entitles Plaintiff to recovery under 15 USC §1681o.

25. As a result of the Defendants' violations of 15 USC §1681i (a)(1)(A), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress.

26. The violations by the Defendants of 15 USC §1681j (a)(1)(A) were willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC §1681n. In the alternative, the Defendants were negligent, which entitles Plaintiff to recovery under 15 USC §1681o.

27. The Defendants violated 15 USC §168i (a)(5)(A) by failing to promptly delete the disputed inaccurate items of information from Plaintiff's credit file or modify the item of information upon a lawful reinvestigation.

28. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney fees from the Defendants in an amount to be determined by the Court pursuant to 15 USC §1681n.

29. **WHEREFORE**, Plaintiff demands judgment for actual, statutory, and punitive damages against Defendants, jointly and severally; for his attorneys' fees and costs, for prejudgment and post-judgment interest at the judgment rate, and such other relief the Court deems just and proper.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendants as follows:

A. For actual damages provided and pursuant to 15 USC §1681n of the FCRA in the

amount of $15,000.00;

B. For statutory damages provided and pursuant to 15 USC §1681n of the FCRA;

C. For statutory damages provided and pursuant to 15 USC §1681n of the FCRA;

D. For attorneys' fees and costs provided and pursuant to 15 USC §1681n of the FCRA;

E. A declaration that the Defendant's practices violated the FCRA;

F. For statutory, actual and punitive damages of $1,000,000.00 provided and pursuant to the FCRA, 15 U.S.C. 1681 § n (a)(1)(A), n (2), n (3); in the alternative for damages pursuant to negligence under 15 U.S.C. 1681 § o (a) (1)(2)

G. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: New York, New York
June 27, 2018

Respectfully submitted,

By: _____
Edward B. Geller, Esq.
Edward B. Geller, Esq., P.C., Of Counsel to
M. HARVEY REPHEN & ASSOCIATES, P.C.
15 Landing Way
Bronx, New York 10464
Phone: (914)473-6783

*Attorney for the Plaintiff* ABRAHAM LEVITANSKY



# EXHIBIT "A"



Abraham Levitansky

1 Sharon CT.

Lakewood NJ 08701

**TransUnion**
P.O. Box 2000
Chester, PA 19016-2000

I am requesting transunion to conduct an investigation on one item on my credit report that was mistakenly marked as late.

1) *Nissan infiniti Lt*-opened Jan 2nd 2017 Which is currently open. Transunion is showing that I was 30 days past due.

This account was never late. What happened was, I actually made a payment on time. But Nissan mistakenly applied my funds to an old account of mine. I had called Nissan to correct this issue and they told me it was taken care of.

Sincerely,

Abraham Levitansky
Ss:
Dob:

# EXHIBIT "B"



*** 374382829-007 ***
TransUnion LLC
PO Box 805
Woodlyn, PA 19094-0805

04/01/2018



PS4TIM00202945 C27583 046951065

ABRAHAM M. LEVITANSKY
1 SHARON CT
LAKEWOOD, NJ 08701-5300

Dear ABRAHAM M. LEVITANSKY,

We understand that recently something on your credit report did not seem right to you. We take this matter seriously, and we want to make sure your TransUnion credit report is accurate. It's our commitment to you.

If we were able to make changes to your credit report based on information you provided, we made those changes. Otherwise, we asked the company reporting the information you disputed to do all of the following:

1. Review relevant information we sent them, including any documents you gave us as part of your dispute
2. Investigate your dispute and verify whether the information they report is accurate
3. Provide us a response to your dispute and update any other information
4. Update their records and systems, if necessary

Your dispute is important. In the pages that follow you will see your detailed investigation results, including the business name and contact details of the source of the information. Please review the results carefully.

## How to Read Your Investigation Results

You will see that, for each disputed item, a summary explanation appears in the gray box, followed by a brief paragraph describing the results of our investigation, followed by a view of how the item appears in your updated credit report. Please note any changes we made to personal information (name, address, employment, SSN, date of birth) will appear at the end of **Your Investigation Results.**

Want to review a full copy of your credit report? Get yours at www.transunion.com/fullreport

F184TIM-002 02945 027583 01 10

File Number: ■
Date Issued: 04/01/2018

Page 4 of 5

# Your Investigation Results

> **INVESTIGATION RESULTS - DISPUTED INFORMATION UPDATED AND OTHER INFORMATION UPDATED:** A change was made to the item(s) based on your dispute and other information has also changed.

**NISSAN-INFINITI LT**■ ( PO BOX 660366, DALLAS, TX 75266-0366, (800) 456-6622 )

We investigated the information you disputed and updated: Date Updated; Remarks; Rating; Payment Received. Here is how this item appears on your credit report following our investigation.

| | |
|---|---|
| Date Opened: | 01/02/2017 |
| Responsibility: | Individual Account |
| Account Type: | Installment Account |
| Loan Type: | AUTO LEASE |
| Balance: | $3,496 |
| Date Updated: | 03/29/2018 |
| Payment Received: | 03/05/2018 ($166) |
| Last Payment Made: | 03/05/2018 |
| High Balance: | $5,994 |
| Pay Status: | Current: Paid or Paying as Agreed |
| Terms: | $166 per month, paid Monthly for 36 months |
| | >Maximum Delinquency of 30 days in 03/2017< |

Remarks: DISP INVG COMP-RPT BY GRNTR

| | 02/2018 | 01/2018 | 12/2017 | 11/2017 | 10/2017 | 09/2017 | 08/2017 | 07/2017 | 06/2017 | 05/2017 | 04/2017 | 03/2017 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | 30 |

| | 02/2017 |
|---|---|
| Rating | OK |



Want to review a full copy of your credit report? Get yours at www.transunion.com/fullreport

P 64TIM 002 02945 1027586 04/1



## AFFIRMATION

Abraham Levitansky, under the penalty of perjury, deposes and says:

I am the Plaintiff in the above entitled action. I have read the foregoing Complaint and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters I believe them to be true.

_____
[Signature]

_____Abraham M. Levitansky_____ [Printed]
Plaintiff

Affirmed before me this ___ day of _____ 2018

_____
Notary Public

AARON A MANOPLA
MY COMMISSION EXPIRES
JULY 6 2021
ID #2410185
NOTARY PUBLIC, STATE OF NEW JERSEY

SUPERIOR COURT OF NEW JERSEY

OCEAN VICINAGE

Plaintiff Name: Abraham Levitansky

Address: 1 Sharon Court

Lakewood, NJ 08701

| | |
|---|---|
| ABRAHAM LEVITANSKY, | Docket No. OCN-DC- |
| Plaintiff, | CERTIFICATION OF DILIGENT |
| v. | INQUIRY |
| TRANSUNION and NISSAN INFINITY LT, | |
| Defendants. | |

I have made a diligent effort to locate the defendants within the State of New Jersey, by ( )Postal Search and/or ( X ) Personal Inquiries. I have been unable to find a New Jersey address, however I have located the Defendant Transunion at 555 W. Adams Street, Chicago, IL 60661 and the Defendant Nissan Infinity LT at One Nissan Way, Room 5-124, Franklin, TN 37067.

I request that the court permit service of the summons and complaint at the above addresses.

I certify that the foregoing statements are true. I am aware that if any of the foregoing statements by me are willfully false, I am subject to punishment.



Date: July 12, 2018

Signature: _____

Edward B. Geller, Esq.

Attorney for Plaintiff